7986

YOE v. SAVANNAH RIVER POWER CO.

ISSUES—TRESPASS—CITIES AND TOWNS—ELECTRIC COMPANIES.—From the facts and circumstances in this case the jury might have inferred that the town of Greenwood was the agent of the electric company in entering upon and erecting a line of poles on plaintiff's land, and that it did not do it under the provisions of plaintiff's deed to it, and nonsuit was improperly granted.

Before WILSON, J., Greenwood, October, 1910. Reversed.

Action by Belle Yoe against Savannah River Power Company. Plaintiff appeals from order of nonsuit.

*Messrs. Tillman & Watson* and *Cothran, Dean & Cothran,* for appellant. *Messrs. Tillman & Watson* cite: *Justifying trespass by proof of condemnation is not admissible under general denial:* 58 S. C. 30; 48 S. C. 588; 69 S. C. 229. *As to the construction of the agreement:* 89 N. E. 272; 14 Cyc. 1201; 106 N. W. 102; 71 S. C. 530.

*Messrs. Grier, Park & Nicholson, Bonham, Watkins & Allen,* contra.

July 26, 1911. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. This appeal is from an order of nonsuit in an action for damages for trespass on land. The trespass consisted in the erection of a line of poles on plaintiff's land on which electric light wires were strung. Some years ago, the town of Greenwood built its own electric light plant. For that purpose, and, also, for use in connection with a system of waterworks, it purchased from B. F. Yoe, in 1898, three acres of land about two miles from the town,—same being part of a tract of 230 acres owned by Yoe. In 1904, Yoe conveyed 71 acres of the

same tract to plaintiff, which is the tract on which the alleged trespass was committed. The deed to the town, after the grant of the right to use and divert the watercourses on the whole tract, and to construct and lay thereon dams and water conduits, proceeds as follows: "And may enter upon said lands, or any part thereof, for such said purpose, or for any other purpose incident to or connected with the use, construction, maintenance or operatiug a water and electric light plant to be erected on the parcel of three acres of land above mentioned and described, and also such other rights and privileges as may or shall be necessary to the full use and enjoyment of the said plant, and the said maintenance and operating the same, with full right, at any time therefor, to enter upon my said adjoining lands, or any part thereof." Under this grant, a line of poles was erected from the power house on the lot conveyed to the town. The line erected on plaintiff's land extends in the opposite direction,—from the power house to defendant's plant on Savannah River. Finding it cheaper to take electricity from defendant than to develop it by its own plant, the town entered into an agreement with defendant to furnish it, agreeing to give defendant the necessary right of way for a pole line from its plant to the town. Agents of defendant tried to get from plaintiff a right of way through her land. After her refusal to grant it, the line was erected without her knowledge or consent by the agents and servants of the commissioners of public works of the town, under the supposed license, above recited, contained in the deed from Yoe. For the erection of the line, defendant furnished the necessary materials, such as insulators and wire, and perhaps the poles,—although the witness was not certain whether these were furnished by defendant or the town.

The ground upon which the nonsuit was granted was that there was no testimony that defendant had committed the trespass. From the facts and circumstances stated, the jury may have inferred that, in building the line across plaintiff's

land, the town was acting as defendant's agent,—especially as there was no testimony that the town had agreed with defendant to build any part of the line, or that it had, in fact, built any other part of it. The only testimony on that point was that the town was to give defendant the necessary right of way.

It is not necessary to consider the exceptions assigning error in the admission of evidence. As the case did not go to the jury, the plaintiff was not prejudiced by the rulings questioned.

Reversed.